UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                               CRIMINAL ACTION

VERSUS                                                 NO. 10-122-JJB

MARCUS WALLS

**RULING AND ORDER**

This matter is before the court on an untimely Notice (doc. 34) of Appeal by Defendant Marcus Walls, which is treated as a Motion for Extension of Time to Appeal, pursuant to Federal Rules of Appellate Procedure 4(b)(4).

On June 1, 2011, judgment was entered against Defendant, Marcus Walls for Possession of a Firearm by a Convicted Felon, pursuant to 18 U.S.C § 922(g)(1). He was found guilty after entering a plea of not guilty. The judgment was amended and entered the following day, June 2, 2011, to include payment for criminal monetary penalties in the lump sum of $100.00. A Notice of Appeal (NOA) was filed by Defendant Walls, was filed on June 24, 2001, 8 days late. A Motion to Withdraw and Substitute Counsel of Record was then filed and entered on June 27, 2011. Defendant Walls was appointed a Federal Public Defender as counsel on July 8, 2011 after the Motion to Withdraw and Substitute Counsel of Record was granted on June 29, 2011. After the out-of-time appeal was filed, the 5th Circuit Court of Appeals place the appeal in abeyance on August 3, 2011, remanding to this district court for a determination of whether the untimely filing of notice of appeal was due to excusable neglect or good cause.

1

Federal Rule of Appellate Practice Rule 4(b)(4) states, "Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b). Fed. R. App. P. 4(b)(4). That appeal period is 14 days and begins to run after the entry of the judgment of conviction. See Fed. R. App. P. 4(b)(1).

In determining excusable neglect the court uses the following factors:

> "[1] the danger of prejudice to the [non-filing party], [2] the length of the delay and its [3] potential impact on judicial proceedings, [4] the reason for the delay, including whether it was within the reasonable control of the movant, and [5] whether the movant acted in good faith." *US v. Candia*, 2011 WL 1837852 (W.D. La. 2011).

Based on the letter (doc. 34) written by Defendant Walls, interpreted to be a Motion for Extension of Time to Appeal, this court is persuaded that Walls has shown good cause for such an extension to be granted.[1] In that letter, he demonstrates his desire for an appeal to be filed with his attorney and his attempts to contact his attorney within the time allotted by the Federal Rules of Appellate Procedure to bring a timely appeal. Those attempts were fruitless and ultimately resulted in his *pro se* filing of, what was determined to be, a Motion for Extension of Time to Appeal. Under the circumstances, the court finds that it would only be equitable to grant an extension of time to appeal and treat the NOA as timely filed.

---

[1] The determination to be made in the instant matter is similar to the one found in *U.S. v. Lister*, where "the district court's ruling on Lister's motion for appointment of appellate counsel was tantamount to an 'excusable neglect' finding …." *United States v. Lister*, 53 F.3d 66, 68 (5th Cir. 2001). This reasoning was followed by the court in *United States v. Garcia-Paulin*, where "the district court's order appointing appellate counsel for Garcia-Paulin amounted to a finding of excusable neglect, and the notice of appeal was timely filed." *United States v. Garcia-Paulin*, 627 F.3d 127, 130 (5th Cir. 2010). Though Defendant Walls never filed a motion to appoint counsel, a motion to substitute counsel was entered and accepted in this case. Attorney Mark Plaisance, of the Office of the Federal Public Defender, accepted the appointment of counsel of this Court as attorney for Defendant Walls on July 8, 2011.

Accordingly, Defendant's Motion for Extension of Time to Appeal (Doc. 34) is GRANTED.

Signed in Baton Rouge, Louisiana, on September 13, 2011.

  **JUDGE JAMES J. BRADY  
UNITED STATES DISTRICT COURT  
MIDDLE DISTRICT OF LOUISIANA**